Good morning, panel. My name is Gustavo Ceballos. I'm here for the petitioner, Mr. Martinez-Farias. The issue in this matter, Your Honor, is whether Mr. Martinez became or was ever in public charge based on the fact that he had received Medicaid for his medical treatment since he suffered a stroke while in prison or jail approximately 1993-1994 up until the date of his hearing in 2003. In the underlying case, the immigration judge took his brief testimony in which he asked Mr. Martinez-Farias how he had paid for his medical care. Mr. Farias testified that he received Medicaid, showed his card, and immediately the judge concluded that he was a public charge and the case was concluded. The judge failed to properly analyze that receiving Medicaid does not disqualify you from seeking adjustment status and is actually a type of benefit which does not allow the government to conclude that you are a public charge. But you're treating this like this was a big surprise to Mr. Martinez-Farias. But in fact, in 1999, the immigration law judge indicated that he would be considering whether he was a public charge. This case was continued how many times? Was it 10 times? Over a period of years and years and years, all kinds of continuances, all this was available, the requirement for affidavits of support, all of that was made very clear, and had all different lawyers and so on, and now you seem to be claiming almost like surprise. Well, the decision was a surprise, Your Honor. Well, I understand that. Every litigant finds that the case. Right, but the error, we believe, was that simply because he had received Medicaid, automatically he was a public charge, and that's not the case. Benefits such as Medicaid do not come under the umbrella of public benefits. That makes you subject to becoming a public charge. So your fundamental argument is D.I.J. simply misunderstood the law. He misunderstood the law, and D.I.J. misunderstood the law. If you are correct and that Medicaid payments don't qualify under the statutory term of public cash assistance for income maintenance, do we even get to the point of needing affidavits or testimony from family members that they will support? That is to say, if the I.J. had not made that mistake. If the I.J. had not made that mistake, then my opinion is that an affidavit would not even have to be necessary. Right, because not because of this particular issue, but because he had actually accumulated more than 40 quarterly hours of work throughout his history in the United States, which exempts him from even having to provide an affidavit of support. And is the 40 hours of qualifying quarters, the 40 qualifying quarters, is that in the record? Yes, Your Honor. And did you make that argument below? We made it in the motion to reopen and reconsider. You did make it at that point? We did. And at what point was that put into the record? Was it put into the record in front of the I.J.? Before the BIA. In the motion to reconsider? Right. It would have been brought before the immigration judge, but unfortunately once Mr. Martinez-Farias testified that he had received Medicaid to cover all the expenses, all testimony was closed. His family was not allowed to testify, and they were to testify. Because I read the I.J., he said, listen, as soon as I hear that Medicaid, game's over. That's it, right. And even assuming that this was a public benefit determination, making him a public charge, the issue shouldn't have been closed right there. It's still an analysis that needs to be made. Okay, you received your public charge. Are there factors that have overcome this issue? As I understand, what you're wanting is for us to say, hold, that Medicaid doesn't count as public cash assistance for income and maintenance. Right. And say the BIA thought that it was. I.J. thought it was. BIA thought it was. That's wrong. Correct. Now go back and redo it with understanding what the rule is on that point. Correct. That's all you want? Yes. Okay. The government has presented a jurisdictional challenge to what we may take up today. I have no doubt that we're going to hear from the government attorneys soon pressing that challenge. What do you have to say about it? I do believe due to a jurisdiction, I'm assuming it's the criminal issues. Well, you've got a twofer here. The first one, as I understand it, is that the only petition for review that's before us is the petition relating to the motion to reopen denial, that there was previously a petition for review filed after the first BIA decision, but it was dismissed by our court for want of prosecution. And so we're limited, it appears, to the motion to reopen. Is that correct? Reopen reconsider. Okay. And then we have the statutory or potential statutory bar because of the criminal issues, which I understand pretty much means we need to look at or find questions of law. Constitutional issues. What are the issues that we may properly address? And in particular, with regard to the 40 quarters, there we go, that sounds to me like a pretty straightforward factual question. Right. How does that come before us now so that we can decide, well, this new evidence tells us we should have a different result? Well, one of the legal issues is whether Medicaid, in fact, is a public charge or not, a public benefit which we're – But that doesn't really answer Judge Clifton's question, does it? On the criminal aspect of this, what is – why do we have jurisdiction to hear this? What's the constitutional claim? Well, it's a due process violation. A due process violation is? Correct. Well, one is the BIA and the Immigration Court erred legally. Okay, but that's not the standard, is it? A lot of people try to clothe constitutional or rather basic garden variety legal issues in constitutional clothing and call it due process. We get that all the time now, people trying to get jurisdiction. And the question I have is are you saying that the, let's say, arguendo, the misconstruction of the rule about a public charge is a constitutional issue? Yes. That is your case, basically? That is the case, correct. Now, is he eligible for adjustment of status? I want to say it this way. Assuming someone is eligible for adjustment of status, except for the possible ground that he committed a crime, does the commission of a crime render him per se ineligible for adjustment of status? He's eligible to seek a waiver, and that was part of the record. The court never got to that aspect. The court didn't get to that question? Correct. So the only question the court got, excuse me, the agency got to was? He received Medicaid. Was the public charge question. So even if we were to say, no, you have to reopen, you missed it on the question of whether Medicaid constitutes cash payment. Your client has to get past the criminal business. He's got to convince the IJ that he's got 40 qualifying quarters. He's got to do all kinds of stuff. But nobody got to those points yet. No. I don't see how we can decide, for example, the 40 qualifying quarters. I mean, that's. No. It's something that we're asking to have. And does the fact that he had the 10 continuances all this time and it was never raised, what bearing, if any, does that have on our consideration? Which issue was not raised, Your Honor? I'm sorry. The 40 qualifying quarters. Almost nothing was raised until the very last point, indeed, perhaps afterwards. Again, when the immigration judge pointed out that simply because he had received Medicaid, he was a public charge, that was an erroneous position to offer. I understand your position, but in 1999, the IJ told your client that he would consider evidence related to whether he was a public charge. Right. Do you dispute that? No, I don't dispute his claim. Okay. And the actual decision by the IJ in which he said he was a public charge was what, four years later? Yes. So he had four years to, you know, raise issues, dispute everything, satisfy any requirements, go for a 212C, all of that. He didn't do anything. Well, 212. What did he do? The 212C was an eligible 212C. What he did was he brought approximately 10 witnesses with him to overcome any decision by the judge or any finding by the judge. And on top of that, he did present his Medicaid card. This was in the four years later? This was in 2003. But in the meantime, he had more and more continuances. No, 2003 was his final hearing. Okay. But, I mean, between 1999 and 2003, didn't he have more continuances? I believe he did, yes. How many did he have? Approximately three, I believe. Okay. So this is certainly no due process issue in the sense that he didn't have an opportunity to present his case, vindicate his rights, present evidence, et cetera, et cetera, right? Well, he didn't have his opportunity to present his case because his testimony was limited to that one simple issue. He wasn't allowed to provide the rest of his witnesses. Well, in 2003, let's say you're correct, but this case went on for 10 years, had several different hearings, several different, as I understand it, lawyers, maybe even a pro se appearance or two. There was a lot more that was discussed. Does not the alien have an obligation himself to come forward with evidence in order to produce this? I mean, you're coming really awfully late now in the process to try to overcome these jurisdictional bars. Right. I don't know what documentary evidence would have been sufficient to satisfy this particular judge. I think that this particular judge saw a man, an elderly man in a wheelchair and that, you know, basically concluded his decision for him. An elderly man in a wheelchair had been in prison, had been receiving Medicaid and all kinds of things. Well, but I think that was prejudiced to the decision and he didn't allow the case to go forward. The Medicaid card was sufficient to overcome any public benefit charge. Do I understand correctly to make sure that really the answer you're giving to Judge Smith is that your client was prepared at that time to go forward with the other issues, wasn't seeking more time. No. But because of the way the IJ responded to what he heard about Medi-Cal and what he saw, decided that's the end of the game. Correct. So your due process complaint is that you weren't given an opportunity to put forward what you had gathered in support of the other issues. Correct. And then before the Board of Immigration Appeals, we did a motion to consider trying to flush out our argument a little more, saying look, just because he did receive Medicaid for his medical treatment after the stroke does not make him a public charge. Okay. Why don't we hear from the government and then we'll give you a chance. May it please the Court. My name is Catherine Clark, appearing on behalf of the Attorney General. The public charge determination in this case was not the only basis for the agency's denial of adjustment of status. The agency also concluded that there was no affidavit of support filed by the sponsoring petitioner. But is the affidavit of support only necessary once you conclude that the Medicaid is a cash payment? I'm not sure I understand why that would be the affidavit. It is to say, as I understand the statute, what happens is that you find someone's likely to become a public charge and you can do that based on various things. Once you decide someone's likely to become a public charge, or the IJ decides that, then the applicant can come in and rebut by various affidavits from people who say, but I'm going to support him. The affidavit of support. And that only happens after there's been a determination that absent these affidavits of people who are going to support, you will become, you're likely to become a public charge. That is not the case, respectfully. The affidavit of support is required in all cases. Even if the person can support himself, an affidavit of support by somebody else is required? Yes. I've got a documented income of $100,000 a year. I nonetheless need an affidavit from my brother-in-law? That is the requirement under 8 CFR. That can't be right. That can't be right. Under 8 CFR section 213A.2A1IA, the affidavit of support is required in all cases. And additionally, the Federal Register provided on May 26, 1999, the Federal Register guidance answered just that exact question, whether an affidavit of support is required in all cases, even when the petitioner can support himself. Didn't Martinez-Farias's son submit an I-864 affidavit of support? He did, but he was not the sponsoring person. Okay, so the affidavit has to come from the sponsor, and that was the daughter, right? It does, and yes, that was the daughter. So even if you had a very wealthy third party, like Judge Fletcher, if he signed the affidavit of support, that wouldn't be enough? That is correct. And, again, that same regulation, 213A.2A1IA, states that the sponsoring individual must provide an affidavit of support and uses conjunctive language. It says, and the joint sponsor must provide it. Let me come back and say this. Okay, I don't have an income of $100,000 a year. Instead, I have a trust fund of $10 million, and out of that trust fund comes payment by the trustee to me of $100,000 a year. So I'm taking out of it the contingency that I might lose my job. And so I've got a guaranteed income from my trust fund of $100,000 a year. You're saying that I may still be likely to become a public charge and I need an affidavit from my sponsor? That simply can't be right. The affidavit from the sponsor is not connected to whether the individual is likely to become a public charge. It has a separate requirement. So I need an affidavit from somebody whether or not I'm likely to become a public charge. That's your view. That is what the regulation and the Federal Register say. The regulation does itself have a set of exceptions saying the paragraph doesn't apply if, and there's a series of things. So presumably, if you fall into one of those, you don't have to provide it. But then, for the only exception that is relevant here, which is the social – Well, I'm not arguing it's relevant here. I'm saying in the hypothetical case, it is not the case that everybody who applies has to submit because you may fall into one of the exceptions. I'm not saying that – suggesting. I don't know whether this petitioner does or not. There is an – and, of course, the government is not – because there was no agency finding with respect to the exception, the government would not assert one way or the other on that issue. The exception, however, does require a different form, a form I-864-W, and that's under 213-A2 – 8.2-A1-IB. And there is no 864-W anywhere in the record. And that would apply to the social security. What is that? What is the W form? That is a form that demonstrates that the individual – that the sponsored individual is eligible for whatever exemption that the individual is asserting. So you're saying you're agreeing that there might be some exemptions, as Judge Clifton indicated, but in order to get that, you would have to file the W form, and that wouldn't happen in this case. That is correct. Part of what concerns me here is that, you know, look at what happened before the immigration judge, and he did appear to reach a further quick conclusion once he heard something that, in his mind, demonstrated that the petitioner – who we call the petitioner – is likely to be a public charge. And even if some of the other paperwork wasn't in place, in particular if the affidavit of support wasn't from the right person, was from Goddard instead of Sondra or vice versa, I've forgotten. It seems to me ordinarily the proceedings in front of the immigration judge is an opportunity to try to straighten all of that out. And what I saw happening here was the curtain coming down, and the petitioner there, apparently with other witnesses, referred to step forward and try to solve the problem. All of that got truncated. Isn't that a problem? The petitioner in this case, Mr. Martinez, for ease of reference, he was warned four years before – over four years before the – Maybe that's why he had all these witnesses. He – and he brought those witnesses, yes, but the case – he offered none of the required documents, even though he had been represented by his counsel, his – the same counsel for over a year prior to the merits hearing. And there were not three but six continuances between the hearing at which he was warned and the hearing. So regardless of – if he'd had 100 witnesses from the agency's perspective, if he didn't have the right forms, he's out of luck. The reason that the testimony would not be sufficient without the affidavit of support, even if he had been able to present it, was because the testimony does not operate in the manner of a contract, in the way that the affidavit of support does. So basically what the government is saying is if we're going to have somebody in the United States, we want to be sure that this person doesn't become a public charge. And the way we do that is, in effect, we ask for a guarantee from someone who says, I agree to be financially responsible for this person, and if that doesn't happen, they're not entitled to come in. Is that right? That is precisely correct. And the testimony of any of the relatives, even the sponsoring relative, would not have sufficed because it would not have operated as a means that could be enforceable by third-party beneficiaries, who, for instance, people who later provided – or institutions who later provided benefits and wanted compensation or – Could the son sign the form there and hand it in on the spot? The sponsoring relative? The daughter, yeah. The daughter's the sponsor. The supplemental or the – I forget what the term was, but there is a provision for more than one person. Could the son sign on whatever forms he had to sign on and seek to qualify that way? The government does not dispute that the joint sponsor, the son, submitted the affidavit of support properly signed. However, the regulation at 213A.2, again, A1IA, requires affidavits of support both from the sponsoring relative and the joint sponsor. That is not an or. And was there something that would have prevented the daughter, once it's pointed out to her, wait a minute, you need to sign a form to present the form that day? Counsel – If the I.J. had said, you know what, I don't have a form from you. Do you want to sign one right now? Could that have happened? Two points on that question. Counsel did not request the opportunity to present a document like that that day. Instead, he – before the I.J., when the I.J. did raise that issue, stated that Esmeralda simply did not work, and that was his reason for not having it. That was my understanding, was that the daughter didn't work and was really not in a position to sign the form. Isn't that what the record shows? Yes, but her unemployment does not exempt her from the requirement to sign the form. And could the son have come in and said, well, listen, I can see my sister's not capable of being a sponsor. I want to be the sponsor instead. Could he have done that? Petitioner below was represented by counsel, and if his son had wanted to do that below, counsel – Now, these cases are so frustrating because I don't want to cast aspersions, but I'll say that, you know, the lawyering in these cases, as you know, isn't very good. Not you. No, no, you're fine. You're later. And to hold it against a petitioner like this, well, you've had, I don't know, however many different lawyers you've had, how many continuances you've had, and so on. These people are really up against it because they don't have much money. They don't have much sophistication. They've got an incompetent bar that's out there bottom feeding and preying on them. And then we hold them to these very strict standards of what the lawyer is supposed to do. Let me ask the question that we've so far been dancing around. Does receipt of Medicaid qualify as a cash payment such that he's likely to become a public charge? That is to say, did the I.J. make a mistake? It was Medi-Cal that petitioner received here, and it was petitioner's burden to show that this was in the matter of Medicaid. And he did not meet that burden by introducing any evidence about Medi-Cal before the immigration judge. Let me stop you there. I'm not from California. Unlike my colleagues, I'm the most ignorant. But on the face of it, that sounds like a howler. I mean, it's not like anybody who lives in California has never heard of this concept called Medi-Cal. And I think Judge Fletcher is meaning to put the question to you outside the context of the record. I mean, the record is what it is, and I understand what you're trying to defend, and don't fault that. But in the real world, is it the case this person actually should not be deemed a public charge because of the money he received? Or, taking a step further, if in fact he qualified for his 40 quarters, is there really a good reason for us to be here? The Medi-Cal, there are two issues that respond to that question directly. First is that the Medi-Cal regulations, pardon me, the Federal Register guidance that discusses whether Medicaid and similar benefits are exempt, can be considered in public charge determinations, are not binding on the immigration judge. They are not statutes or regulations. They are guidance. But is there anything to the contrary? There is. The regulations do say that if the, pardon, the, pardon, it's the statute. INA section 212A4B discusses the factors that may be considered, does not specifically name benefits such as Medicaid, but it is up to the agency to, the agency has been delegated the authority to make those decisions. I really haven't promulgated a binding regulation on this. No, not that specifically addresses Medicaid, Medi-Cal. I want to ask you about the jurisdictional issue that Judge Clifton raised. Do we have jurisdiction to hear this case? And if not, why not? No, and that is because of the criminal review bar at INA section 242A2C, and because petitioner raises no constitutional or legal claims that would preserve jurisdiction. So basically we're back to a very familiar conundrum here, that he has this criminal history that unless the attorney general exercises his discretion to let him stay, he goes. And the only exception to our jurisdiction is a colorable claim of law or a constitutional issue that might change it. Now in this case, even if he's right about the Medi-Cal situation, that doesn't bear at all on the criminal issue, does it? No, and it is not a constitutional claim. And that's the second point, is that really a constitutional claim? But it doesn't really bear on whether or not the attorney general should exercise his discretion to in effect waive the criminal offense on the basis that he's rehabilitated. And that doesn't even address that issue, does it? No, and I see that my time is up, but I do want to make one more point. That's our problem, not yours. Don't worry. I want to make one more point, is that petitioner did not even present an approved I-130 here. There are many, many hurdles. Is that your letter from yesterday? That is the letter. Speaking of Johnny-come-lately's, hey, where have you guys been? The immigration judge did note that there was no I-130 in the record, that there was no approval notice. Even the I-130, the form that is in the record. That's the one to get the 212C review, is that what that is? That is the form that would be necessary to establish his relationship to his daughter, the very, very beginning of this claim. And it is necessary, and it must be filed in this case prior to April 30th, 2001. Let me ask you this, and I'm addressing Judge Smith's question on the criminal. The IJ didn't reach the question of the criminal conviction and its possible consequences, is that right? Because he did not address the rest of the 212H eligibility, no. So we're not there yet, okay. But the criminal review bar does apply to any removal order, regardless. And if you were denied on that basis, on a discretionary basis, I think we've got absolutely no jurisdiction. But we haven't got there yet. So in effect, were we to send this back, if the IJ just says, you know what, I'm not granting anything on this, there's no basis for the 212H waiver, done. If the BIA agrees, it's over. Regardless of the outcome of the Medi-Cal case, right? That is absolutely true. But in any case, there's no reason to send this back, because there is an independent basis for the agency's decision here, and that is the lack of the affidavit of support. And additionally... Yeah, but that depends on your argument, but I'm not sure I've yet bought into that that affidavit of support is necessary. And it may or may not be necessary, depending on how he decides on the public charge question with respect to the Medi-Cal Medicaid question. If the Court will give me just one more moment, I can find that place in the Federal Register, in the May 26, 1999 Federal Register guidance, that addresses exactly that question, of whether the affidavit of support requirement depends on a finding about the public charge. Since I really don't want to write down what you tell me, why don't you submit a 28-J letter? No, that's a good idea. I will. That would be efficient. I will do that. And there are independent bases, regardless of the question of the public charge issue here. The affidavit of support and the lack of an I-130 both doom this application, so there would be no use to sending this case back in any event. Okay, thank you. Thank you.
judges: Fletcher W. , Clifton, Smith M.